**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Travis Depaoli,
individually and on behalf of all others similarly situated,

CASE NO.:

Plaintiff,

v.

Tulsa Adjustment Bureau, Inc.

Defendant.
_________________________________/

**CLASS ACTION COMPLAINT**
**DEMAND FOR A JURY TRIAL**

COMES NOW Plaintiff, Travis Depaoli, individually and on behalf of all others similarly situated (hereinafter "Plaintiff"), by and through the undersigned counsel, who brings this class action against Defendant, Tulsa Adjustment Bureau, Inc. (hereinafter "Tulsa"), in order to remedy illegal debt collection activities, and states as follows in support thereof:

## PRELIMINARY STATEMENT

1. This is a class action brought by Plaintiff against Defendant, Tulsa, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (hereinafter the "FDCPA").

## JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C § 1331.

3. Defendant, Tulsa, is subject to the provisions of the FDCPA and to the jurisdiction of this Court pursuant to Federal Rule of Civil Procedure 4(k).

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2), because the acts or omissions complained of were committed and/or caused by Defendant, Tulsa, here and Plaintiff lives here.

## PARTIES

5. Plaintiff is a natural person and resident of Manatee County Florida, and a consumer as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Tulsa, is an Oklahoma corporation, registered with the Florida Secretary of State, with a primary business address of 2448 E 81st St., Ste. 4700, Tulsa, OK 74137 and whose registered agent for service of process is CT Corporation System, 1200 Soth Pine Island Rd., Plantation, FL 33324.

7. Defendant, Tulsa, is a debt collector within the meaning of 15 U.S.C. § 1692a(6), in that it uses postal mail and text messages, i.e. instrumentalities of interstate commerce, across state lines into Florida for its business, the principal purpose of which is the collection of debts, and/or it regularly collects or attempts to collect, directly or indirectly, debts owed, or due, or asserted to be owed or due

to another.

8. Defendant, Tulsa, is licensed as a Consumer Collection Agency ("CCA") by the Florida Office of Financial Regulation, holding license number CCA9904889.

9. At all times relevant hereto, Defendant possessed knowledge concerning compliance with the FDCPA.

## FACTUAL ALLEGATIONS

10. On or about October 18, 2024, a medical company herein, referred to as Radiology and Imaging Specialists of Lakeland, PA (herein "RISL") contracted with Plaintiff for the provision of personal medical services to Plaintiff resulting from a work injury sustained by Plaintiff and rendered said services in accordance with the contract. This was an implied-in-fact contract. Compl. **Ex. A**.

11. RISL claimed that Plaintiff incurred a debt for the medical services rendered (hereinafter referred to collectively as the "Debt"). *Id.*

12. That the Debt was the result of medical services rendered in connection with Workers' Compensation medical treatment and was at all material times subject to exclusive payment by Plaintiff's Workers' Compensation insurance provider as provided for by Fla. Stat. 440.13(a) and Fla. Stat. 440.13(g), and therefore Plaintiff had no personal responsibility for the Debt.

13. Section 440.13(3)(g), Florida Statutes, provides that:

> The employee is not liable for payment for medical treatment or services provided pursuant to this section except as otherwise provided in this section.

14. Section 440.13(13)(a), Florida Statutes, provides, in relevant part, that:

> A health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employer or carrier for payment for services rendered in accordance with this chapter. Payment to health care providers or physicians shall be subject to the medical fee schedule and applicable practice parameters and protocols, regardless of whether the health care provider or claimant is asserting that the payment should be made.

15. After rendering the medical care to Plaintiff, RISL transferred the Debt to Tulsa for collection.

16. Tulsa, in turn, on or about October 21, 2025, contacted the Plaintiff via text message as and for an attempt to collect the Debt, that falsely claimed that Plaintiff owed $111.40 in connection with the Debt, that Plaintiff owed the Debt to RISL, and that Plaintiff was liable for the Debt. Compl. **Ex. B**.

17. This collection by text reflects a violation of 15 U.S.C. § 1692e, as Plaintiff was not legally obligated to pay the Debt on October 21, 2025, which makes the text a false, deceptive, or misleading representation or means in connection with collection of the Debt.

18. 15 U.S.C. § 1692e provides that:

> A debt collector may not use any false, deceptive, or misleading

representation or means in connection with the collection of any debt.

19. 15 U.S.C. § 1692e(2) & (10) provides that:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . (2) The false representation of -- (A) the character, amount, or legal status of any debt . . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**CLASS ACTION ALLEGATIONS**
**COUNT I AGAINST TULSA**

20. The Plaintiff re-alleges paragraphs (1) through (18) as if fully restated herein and further states as follows:

21. Plaintiff brings this action against Tulsa under Rule 23 of the Federal Rules of Civil Procedure on behalf of the following classes of persons (hereinafter referred to as "Class"), subject to modification after discovery and further case development:

**Class A**

*All persons residing within the United States who, within one year prior to the filing of the instant action through to the date of class certification, whose workers' compensation claim is available for review on the Florida Office of the Judge of Compensation Claims website that Defendant, Tulsa, demanded payment from via text for medical care received in connection with their workers' compensation claim that had not been adjudicated to be their responsibility by a Judge of Compensation Claims or the Florida Department of Financial Services.*

22. The members of the Class are all identifiable through Tulsa's records and other third-party records.

23. Excluded from the Class are Tulsa; any entities in which it has a controlling interest; its agents and employees; any Judge to whom this action is assigned, any member of such Judge's staff, and the Judge's immediate family; and Plaintiff's counsel, any member of their staff, and immediate family.

24. Plaintiff proposes that he serve as class representative for the class as he and the members of the Class have all been harmed by Defendant, Tulsa's actions in a similar action.

25. The members of the Class are so numerous and geographically diverse that joinder of all of them is impracticable.

26. Upon information and belief, Tulsa collects or attempts to collect medical debts in Florida, as evidenced by registering with the Secretary of State as a foreign corporation and by possessing a debt collection license from the Florida Office of Financial Regulation.

27. Consequently, Plaintiff believes and therefore avers, that Defendant has improperly sent demands for payment via text concerning debts stemming from healthcare rendered pursuant to section 440.13, Florida Statutes, to at least twenty (20) consumers belonging to the Class during the relevant time period.

28. As it relates to collecting these debts, Tulsa has a standard practice of sending out debt collection text messages, an example of which is attached hereto as Exhibit B.

29. There are questions of law and fact common to Plaintiff and to the members of the Class, including without limitation:

a. Whether the medical care received was subject to section 440.13, Florida Statutes;
b. Whether Tulsa demanded payment for said medical care from the injured worker/consumer via text;
c. Whether Defendant's conduct constitutes violations of 15 U.S.C. § 1692e & 15 U.S.C. § 1692e (2) & (10);
d. Whether Plaintiff and members of the Class are entitled to statutory damages pursuant to the FDCPA; and
e. Whether Plaintiff and members of the Class are entitled to attorney's fees and costs pursuant to the FDCPA;

30. Plaintiff's claims are typical of the claims of the other members of the Class, and Plaintiff has no interests that are adverse or antagonistic to the interests of the other members of the Class.

31. Plaintiff is an adequate representative of the Class because he will fairly and adequately protect the interests of the Class, and counsel who is experienced in litigation of this nature represents him.

32. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

33. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

**COUNT I**
**(Tulsa Violations of**
**15 U.S.C. § 1692e & 15 U.S.C. § 1692e(2) & (10))**

34. Plaintiff adopts and incorporates paragraphs (1) through (33) as if fully stated herein.

35. At all times relevant to this action, Tulsa was subject to and must abide by the laws of United States, including without limitation, 15 U.S.C. § 1692, *et seq*.

36. Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors" and "to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

37. In enacting the statute, Congress sought to eliminate "deceptive[] and unfair debt collection practices" and identified the "invasion of individual privacy" as one of the harms against which the FDCPA is directed. *See* 15 U.S.C. § 1692(a).

38. 15 U.S.C. § 1692e provides that "A debt collector may not use *any false, deceptive, or misleading representation* or means *in connection with the collection of any debt*.

39. 15 U.S.C. § 1692e (2) & (10) provides that: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the

foregoing, the following conduct is a violation of this section: . . . (2) The false representation of -- (A) *the character, amount, or legal status of any debt*; . . . (10) The *use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer*.

40. Attempting to collect a debt for medical care subject to section 440.13, Florida Statutes, from an injured worker is a violation of the FDCPA. *See Crawford v. N. Am. Credit Services, Inc.*, No. 24-13931, 2025 WL 1805218, at *3 (11th Cir. July 1, 2025), *cert. denied sub nom. N. Am. Credit Services v. Crawford*, No. 25-377, 2025 WL 3198676 (U.S. Nov. 17, 2025).

41. Tulsa violated 15 U.S.C. § 1692e's general prohibition and 15 U.S.C. § 1692e(2) & (10) when it falsely claimed that Plaintiff was liable for the Debt, the same as other members of the class, related to the debt of class members.

42. Because the violation alleged herein bears a close relationship to a harm that American courts have long recognized as cognizable, including but not limited to intrusion upon seclusion and invasion of privacy, Congress's judgment along with the violation alleged indicates that violations of 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(2) & (10) when accomplished through text messages constitute a concrete injury, and therefore, Plaintiff has standing to sue. *Drazen v. Pinto*, 74 F.4th 1336, 1345 (11th Cir. 2023).

43. As a result of Tulsa's aforementioned violation of the FDCPA,

Plaintiff suffered damages, including without limitation, an intrusion upon his seclusion and an invasion of his privacy.

44. Tulsa's conduct renders it liable for the above-stated violations of the FDCPA, and Plaintiff is therefore entitled to statutory damages not to exceed $1,000 and all other relief awardable under the FDCPA.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment against Tulsa for the following:

a. Certification of Plaintiff's claims and all other persons similarly situated claims as class action claims under Rule 23 of the Federal Rules of Civil Procedure;

b. Awarding statutory damages of $1,000.00 for Tulsa's violation of the FDCPA pursuant to 15 U.S.C. § 1692k;

c. Awarding reasonable costs and attorney's fees pursuant to 15 U.S.C. § 1692k; and

d. Such other relief that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable as to the claims against Tulsa.

Respectfully submitted,

/s/ Richard K. Peck

Richard K. Peck, Esq. (FBN: 47105)
Andrew Grim, Esq. (FBN: 1041087)
Peck Law Firm, P.A.
12515 Spring Hill Drive
Spring Hill, Florida 34609
(352) 835-7977
litigation@pecklawfirmfl.com